Marc Voisenat (CSB# 170935)
1330 Broadway, Suite 1035
Oakland, Ca. 94612
Tel: (510) 272-9710
Fax: (510) 272-9158

Attorney for Debtor-In-Possession
Roger Joseph Prieto Jr.

United States Bankruptcy Court

Northern District of California

In re:                                    ) Case No.: 08-42275 T11
                                          )
Roger Joseph Prieto Jr.                   ) Chapter 11
                                          )
                                          )
        Debtor-In-Possession              )
                                          )
                                          )
                                          )

## THIRD AMENDED CHAPTER 11 PLAN OF REORGANIZATION

Roger Joseph Prieto Jr., debtor-in-possession, hereby proposes the following amended plan of reorganization under chapter 11 of title 11 of the United States Code (the "Plan")

### ARTICLE I

### DEFINITIONS

The following terms have the following meanings (such meanings to be equally applicable to both the singular and plural forms of the terms defined) whenever used in the Plan.

1.1    "ADMINISTRATIVE EXPENSE" means a Claim (a) for costs and expenses of administration of the Reorganization Cases incurred prior to the Effective Date and allowed under sections 503(b) or 507(b) of the code, including all fees accrued or payable through the

- 1 -

Effective Date under 28 U.S.C. Section 1930 and allowed by Final Order, (b) the fees and costs of Professional Persons incurred after the Effective Date in connection with the preparation and approval of their final applications for compensation and reimbursement of expenses through the Effective Date.

1.2     "ALLOWED AMOUNT" shall mean the dollar amount of a Claim owed by Debtor as of the Petition Date as allowed pursuant to 11 U.S.C. §502.  If an objection is filed to a Claim, then the Claim shall be allowed only to the extent provided for in a Final Order on the objection.

1.3     "ALLOWED ADMINISTRATIVE CLAIM" shall mean the Allowed Amount of a Claim for administrative expenses allowed by the Court pursuant to 11 U.S.C. §503.

1.4     "ALLOWED CLAIM" shall mean a Claim (a) that appears in the Schedules, except a Claim that is listed in the Schedules as disputed, contingent or unliquidated, or (b) with respect to which a proof of Claim has been filed with the Bankruptcy Court within the time ordered by the Bankruptcy Court, or if no time has been ordered by the Bankruptcy Court, within the time prescribed by the Plan, the Code, the Bankruptcy Rules or by Local Rules, and to which no objection has been filed within the time fixed by the Plan or the Bankruptcy Court, or ( c) which is allowed by a final Order of the Bankruptcy Court.  No Claim shall be considered an Allowed Claim if the Debtors or other party in interest thereof interposes an objection to the allowance within the time fixed by the Plan or the Bankruptcy Court, if any, and such objection has not been denied by a Final Order.  An Allowed Claim shall not include accrued interest after the Petition Date.

1.5     "ALLOWED PRIORITY CLAIM" shall mean a Claim entitled to priority status pursuant to section 507(a) of the United States Bankruptcy Code, 11 U.S.C. §507(a).

1.6     "ALLOWED SECURED CLAIM" shall mean an Allowed Amount of a Claim secured by a lien, security interest, encumbrance, or other charge against any interest in any property of the Estate (as defined in 11 U.S.C. §541), which lien, security interest, encumbrance or other

charge is valid, perfected and enforceable under applicable law, is not subject to avoidance under the Code or other applicable non-bankruptcy law, to the extent of the value of the interest of the holder of such Allowed Claim in such property as determined in accordance with 11 U.S.C. §506(a) and (b).

1.7 "AMENDED CLAIM" shall mean a proof of claim filed subsequent to the Bar Date that amends a timely filed proof of claim that was filed prior to the Bar Date.

1.8 "BALLOT" means the form approved by the Bankruptcy court for voting on acceptance or rejection of the Plan.

1.9 "BANKRUPTCY COURT" or "COURT" shall mean the United States Bankruptcy Court for the Northern District of California, Oakland Division, 1300 Clay Street, Oakland, California, 94612; (or such other court as may have jurisdiction over this Chapter 11 case) and, with respect to any particular proceeding arising under, in or relating to this Chapter 11 case, any other court which may have jurisdiction over such proceeding.

1.10 "BANKRUPTCY RULES" means, collectively, the: (a) Federal Rules of Bankruptcy Procedure, and (b) the Local Rules of the Bankruptcy Court, as applicable, in Reorganization Cases.

1.11 "BAR DATE" shall mean the last date initially fixed by the court for timely filing a Claim.

1.12 "CLAIM" shall mean any right of payment which is evidence by a proof of claim or application for payment or compensation that was: (i) timely filed; or (ii) deemed filed pursuant to 11 U.S.C. §1111(a); or (iii) filed late with leave of Court after notice and opportunity for hearing to Debtor.

1.13 "CODE OR BANKRUPTCY CODE" shall mean Title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as amended.

1.14 "CONFIRMATION" shall mean the entry of an order of the Court confirming the Plan.

1.15 "CONFIRMATION DATE" shall mean the date on which the Court enters an order confirming the Plan.

1.16 "CONSUMMATION OF PLAN" shall mean the accomplishment of all things contained or provided for in the Plan.

1.17 "DEBTOR" shall mean, Roger Joseph Prieto Jr., Debtor-In-Possession in the above captioned case.

1.18 "DISPUTED CLAIM" means a claim as to which a proof of claim has been filed or is deemed to have been filed under applicable law, as to which an objection has been timely filed and which objection, if timely filed, has not been withdrawn on or before any date fixed for filing such objections by the Plan or order of the Court and has not been overruled or denied by a Final Order.

1.19 "DISPUTED CLAIM RESERVE" means the reserve of funds established pursuant to Article 8 of this Plan.

1.20 "EFFECTIVE DATE" shall mean the thirtieth (30th) day after entry of an order confirming this Plan.

1.21 "FINAL ORDER" shall mean an order of the Court as which: (i) the time for appeal has expired; or (ii) any appeal that has been filed has been finally resolved or dismissed.

1.22 "LATE CLAIM" shall mean any Claim not timely filed on or before the BAR DATE, which is allowed by a Final Order of the Bankruptcy Court.

1.23 "PETITION DATE" shall mean May 8, 2008.

1.24 "PLAN" shall mean this Plan of Reorganization proposed by Debtor, including any amendment or modification made in accordance with the applicable provisions of the Code.

1.25 "PRIORITY CLAIM" means any Claim to the extent entitled to priority in payment under Sections 507(a)(3), (4) and (6) of the Code.

1.26 "PRIORITY TAX CLAIMS" means any Claim to the extent entitled to priority in

payment under Sections 507(a) (8) of the Code, including interest, if due, and penalties to the extent in compensation for actual pecuniary loss.

1.27 "PROFESSIONAL PERSON" means (a) a Person retained or to be compensated pursuant to Sections 326, 327, 328, 330, 331, 503(b)(2), 1103 and/or 1107(b) of the Code, or (b) an accountant, attorney, appraiser, auctioneers, claims administrator, real estate consultant or other professional employed by the Estate on or after the Effective Date.

1.28 "PRO RATA" means proportionately so that the ratio of (a) the cumulative amount of all funds distributed or to be distributed on account of a particular Allowed Claim to (b) the amount of such Allowed Claim is the same as the ratio of (x) the cumulative amount of all funds distributed or to be distributed on account of all Allowed Claims in a particular class to (y) the amount of all Allowed Claims of that class.

1.29 "REORGANIZED DEBTOR" shall mean the Debtor as reorganized pursuant to the terms of this Plan, on or after the Effective Date.

1.30 UNDEFINED TERMS. A term used in the Plan and not defined herein has the meaning ascribed to such term in the Bankruptcy Code or Rules.

# ARTICLE II

## 2  DESIGNATION OF CLASSES OF CLAIMS AND INTERESTS

The following is a designation of the Classes of Claims under this Plan. Claims for Administrative Expenses and Priority Tax Clams the following classification of Claims are proposed under the Plan. Claims for Administrative Expenses and Priority Tax Claims have not been classified and are excluded from the following classes, in accordance with the provisions of Section 1123(a)(1) of the Bankruptcy Code. A Claim shall be deemed classified in a particular class only to the extent that the Claim or Interest qualified within the description of that class and shall be deemed classified in a different class to the extent that any remainder of the Claim qualifies within the description of such different class. A Claim is in a particular class only to

the extent the Claim is an Allowed Claim or Allowed Interest in that class and has not been paid, release or otherwise satisfied before the Effective Date.

2.1    **Secured Claims**

CLASS 1 (First Deed of Trust in Favor of Wachovia Mortgage)

Class 1 consists of the Allowed Secured Claim held by Wachovia Mortgage, if any, that is secured by the real property located at 5928 Harbor View Avenue, El Sobrante, California 94803.  The holder of any Class 1 Allowed Claim shall retain its lien securing such claim.

CLASS 2 (Second Deed of Trusts in Favor of Washington Mutual)

Class 2 consists of the Allowed Secured Claim held by Washington Mutual, if any, that is secured by the real property located at 5928 Harbor View Avenue, El Sobrante, California 94803.   The holder of any Class 2 Allowed Claim shall not retain their lien.  Upon confirmation, the lien will be cancelled and placed in Class 13.

CLASS 3 (Third Deed of Trust in Favor of Contra Costa Federal Credit Union)

Class 3 consists of the Allowed Secured Claim held by Contra Costa Federal Credit Union, if any, that is secured by the real property located at 5928 Harbor View Avenue, El Sobrante, California  94803.   The holder of any Class 3 Allowed Claim shall not retain their lien.  Upon confirmation, the lien will be cancelled and placed in Class 13.

CLASS 4 (Fourth Deed of Trust in Favor of M&I Bank)

Class 4 consists of the Allowed Secured Claim held by M&I Bank, if any, that is secured by the real property located at 5928 Harbor View Avenue, El Sobrante, California  94803.   The holder of any Class 4 Allowed Claim shall not retain their lien.  Upon confirmation, the lien will be cancelled and placed in Class 13.

CLASS 5 (First Priority Tax Lien in Favor of San Francisco Count Tax Collector)

Class 5 consists of the Allowed Secured Claim held by San Francisco County Tax Collector, if any, that is secured by the real property located at 403 Main Street, Unit 719N, San

Francisco, California 94105. The holder of any Class 5 Allowed Claim shall retain its lien securing such claim. The debtor waives the protections of the automatic stay provided in 11 U.S.C. § 362 to enable the affected creditor to obtain possession and dispose of its collateral without further order of the court.

<u>CLASS 6 (Second Priority Deed of Trust in Favor of GMAC)</u>

<u>Class 6</u> consists of the Allowed Secured Claim held by GMAC, if any, that is secured by the real property located at 403 Main Street, Unit 719N, San Francisco, California 94105. The holder of any Class 6 Allowed Claim shall retain its lien securing such claim. The debtor waives the protections of the automatic stay provided in 11 U.S.C. § 362 to enable the affected creditor to obtain possession and dispose of its collateral without further order of the court.

<u>CLASS 7 (Third Priority Lien in Favor of GMAC Equity Line)</u>

<u>Class 7</u> consists of the Allowed Secured Claim held by GMAC Equity Line, if any, that is secured by the real property located at 403 Main Street, Unit 719N, San Francisco, California 94105. The holder of any Class 7 Allowed Claim shall retain its lien securing such claim. The debtor waives the protections of the automatic stay provided in 11 U.S.C. § 362 to enable the affected creditor to obtain possession and dispose of its collateral without further order of the court.

<u>CLASS 8 (First Priority CC&R Lien in Favor of Granville Community Association)</u>

<u>Class 8</u> consists of the Allowed Secured Claim held by Granville Community Association, if any, that is secured by the real property located at 6633 E. Tenby Drive, Prescott, Arizona. 95620. The holder of any Class 8 Allowed Claim shall retain its lien securing such claim. The debtor waives the protections of the automatic stay provided in 11 U.S.C. § 362 to enable the affected creditor to obtain possession and dispose of its collateral without further order of the court.

///

CLASS 9 (First Priority Deed of Trust in Favor of American Servicing Co.)

Class 9 consists of the Allowed Secured Claim held by American Servicing Co, if any, that is secured by the real property located at 6633 E. Tenby Drive, Prescott, Arizona. 95620. The holder of any Class 9 Allowed Claim shall retain its lien securing such claim. The debtor waives the protections of the automatic stay provided in 11 U.S.C. § 362 to enable the affected creditor to obtain possession and dispose of its collateral without further order of the court.

CLASS 10 (First Deed of Trust in Favor of Rocky Mountain Mortgage)

Class 10 consists of the Allowed Secured Claim held by Rocky Mountain Mortgage, if any, that is secured by the real property located at 5548 Rick Husband Drive, El Paso, Texas. 79934-3247. The holder of any Class 10 Allowed Claim shall retain its lien securing such claim.

CLASS 11 (First Priority Deed of Trust in Favor of Avelo Mortgage)

Class 11 consists of the Allowed Secured Claim held by Avelo Mortgage, if any, that is secured by the real property located at 458 La Esperanza Drive, Dixon, California 95620. The holder of any Class 11 Allowed Claim shall retain its lien securing such claim. The debtor waives the protections of the automatic stay provided in 11 U.S.C. § 362 to enable the affected creditor to obtain possession and dispose of its collateral without further order of the court.

2.2    **Unsecured Claims**

Class 12 (General Unsecured Claims):

Class 12 consists of all unsecured Allowed Claims, the holders of which do not also hold Allowed Secured Claims requiring the holder to first pursue its available remedies against the Property of the Estate, including trade debt. Unsecured claims will be paid, pro rata through the plan.

Class 13 (Deficiency claims):

Class 13 consists of all unsecured Allowed Claims the holders of which also hold Allowed Secured Claims requiring the holder of the Allowed Secured Claim to first pursue its

available remedies against the Property. The claims in this category are:

1. Washington Mutual, holder of a second deed of trust on the real property located at 5928 Harbor View Avenue, El Sobrante, California 94803.

2. Contra Costa Federal Credit Union, holder of a third deed of trust on the real property located at 5928 Harbor View Avenue, El Sobrante, California 94803.

3. M&I Bank, holder of a fourth deed of trust on the real property located at 5928 Harbor View Avenue, El Sobrante, California 94803.

4. GMAC Equity Line, holder of a second deed of trust on the real property located at 403 Main Street, Unit 719N, San Francisco, California 94105.

5. American Servicing Co, holder of a first deed of trust, that is secured by the real property located at 6633 E. Tenby Drive, Prescott, Az. 95620.

2.3. **Equity Interest**

CLASS 14 (Equity Interest):

Class 14 Consists of the debtor's equity interest in the estate

2.4 **Unclassified** – (Priority Tax Claims)

There are no known priority tax claims and therefore no treatment of those claims is proposed. Disputes regarding the proper classification of Claims not specifically classified herein shall be resolved pursuant to the procedures established by the code and Bankruptcy Rules and

### ARTICLE III

3 **TREATMENT OF ADMINISTRATIVE CLAIMS**

The holders of Allowed Claims which are Administrative Claims shall receive, on account of such claims, cash in the amount of such claims on or after the Effective Date unless the holders of the claims agree to a less favorable treatment.

Professionals employed at the expense of the estate of the Debtor and entities who may

be entitled to reimbursement or the allowance of fees and expenses from the estate of the Debtor pursuant to subparagraphs (2) through (6) of § 503(b) of the Bankruptcy Code, shall receive cash in the amount awarded to such professionals and entities at such times and only in accordance with a final order entered pursuant to § 330 or 503(b) (2) through (6) of the Bankruptcy Code.

The only known administrative Claims are the accruing attorney's fees subsequent to the filing date, and any fees payable to the United States Trustee pursuant to 28 U.S.C. §1930 as required by 11 U.S.C. §1129(a)(12).

## ARTICLE IV

### 4   DESIGNATION OF UNIMPAIRED AND IMPAIRED CLASSES OF CLAIMS AND INTERESTS

Classes 1, 2, 3, 4 -11 and 14 are unimpaired under the plan. Classes 12 and 13 are impaired under the Plan.

## ARTICLE V

### 5.   TREATMENT OF IMPAIRED CLAIMS AND INTERESTS

5.1   **General**:  All impaired classes of claims and classes of interest shall receive the distributions set forth in this Article on account of and in complete satisfaction of all such Allowed Claims (and any interest accrued thereon) and Allowed Interest.

5.2   **CLASS 2 – Washington Mutual**

The claim of Washington Mutual Account Number 0647424225, which may be secured by an interest in the Debtors' residence, is junior to the World Savings Loan claim under account Number 083466223 described in Article II paragraph 2.1 above. The balance due on the note secured by the first deed of trust exceeds the value of the real property. Debtor proposes to strip the lien claim of Washington Mutual under Account Number 0647424225, and render that claim unsecured upon confirmation of the Plan. Washington Mutual will be required to reconvey their second deed of trust once the debtor receives his discharge. This provision shall only be effective if the debtor obtains a discharge.

**CLASS 3 – Contra Costa Federal Credit Union**

The claim of Contra Costa Federal Credit Union on Account Number 083466215, which may be secured by an interest in Debtors' residence, is junior to the Wachovia Loan claim under Account Number 083466223 described in Article II paragraph 2.1 above. The balance due on the note secured by the first deed of trust exceeds the value of the real property. Debtor proposes to strip the lien claim of Contra Costa Federal Credit Union under Account Number 083166215, and render that claim unsecured upon confirmation of the Plan. Contra Costa Federal Credit Union will be required to reconvey their third deed of trust once the debtor receives his discharge. This provision shall only be effective if the debtor obtains a discharge.

**CLASS 4 – M&I Bank**

The claim of M&I Bank, which may be secured by an interest in Debtors' residence, is junior to the Wachovia Loan claim under Account Number 083466223 described in Article II paragraph 2.1 above. The balance due on the note secured by the first deed of trust exceeds the value of the real property. Debtor proposes to strip the lien claim of M&I Bank and render that claim unsecured upon confirmation of the Plan. M&I Bank will be required to reconvey their fourth deed of trust once the debtor receives his discharge. This provision shall only be effective if the debtor obtains a discharge.

5.3 **General Unsecured and Deficiency Claims.**

The general unsecured claims in class 12 total $26,475.58 and the total deficiency claims in class 13 total $655,000 for a total of approximately $681,475.58 in unsecured claims. The debtor will pay a total of $84,006 for all unsecured claims. Each allowed unsecured claim shall receive, in full satisfaction of their claim, a dividend equal to their pro rata share of $84,006 as follows:

Beginning with the Effective Date, and every 30 days thereafter, the debtor will pay $1,077.00 for a total of $84,006 for 78 months. To determine each claimant's pro rata share of

$84,006, each claimant would divide the amount of its allowed claim by $681,475.58. That product would then be multiplied by $84,006 to determine the amount each claimant will receive. [For example (allowed claim/681,475.58) x $84,006= total amount to be paid on claim]

In addition, to determine how much each claimant would receive from the payments proposed above, the claimant would multiply it's pro rata share to each proposed payment. [For example (allowed claim/681,475.58) x proposed payment ($1077)]

No interest shall be paid on any Allowed General Unsecured or deficiency Claim. Based on the claims currently filed, it is estimated that General Unsecured Creditors will receive approximately 12% of their claim.

## ARTICLE VI

## 6     MEANS FOR EXECUTION OF THE PLAN

### 6.1 SOURCE OF OPERATING FUNDS:

The sole source of funds will come from the debtor's employment. The debtor has had continuous employment as a firefighter with the City of Oakland since 1998.

### 6.2 MANAGEMENT:

The debtor will be managed and operated by Roger Joseph Prieto Jr. Roger Joseph Prieto Jr. shall have broad authority with respect to the conduct of the business of the Reorganized Debtor, including the rights and powers to enter into agreements regarding a sale of Property, to borrow money and pay obligations. All secured claims shall have recourse only to the collateral securing such claims.

## ARTICLE VII

## 7     OBJECTIONS TO CLAIMS AND DISPUTED CLAIMS RESERVE

### 7.1 **Reservation of Right to Object to Claims**:

Debtor reserves the right to object to any and all Claims filed by creditors or other parties in interest, including the amounts of said Claims and the status of said Claims.

7.2  **Deadline for Filing Objection to Claims**:

Objections, if any, or other proceeding relating to the allowance of any Claim, shall be filed on or before sixty (60) days following the Effective Date. Any objections or other proceeding not timely filed shall be deemed waived.

7.3  **Withholding of Distributions on Disputed Claims**:

Notwithstanding any other provision of this Plan, no payments or distributions shall be made on account of any Disputed Claim until such claim becomes and Allowed Claim. In lieu of distribution under the Plan to holder of Disputed Claim, the funds that would otherwise be distributed on account of Disputed Claims, if such claims were Allowed Claims, shall be held by the Debtor in an interest bearing account entitled "Disputed Claims Reserve."

7.4  **Distributions from the Disputed Claims Reserve**:

Within thirty (30) days after a Disputed Claim becomes an Allowed Claim pursuant to a Final Order, the Debtor shall disburse from the Disputed Claims Reserve the funds to which the holder of such Allowed Claim is entitled under the Plan, including any interest actually earned on said funds.

## ARTICLE VIII

8  **RETENTION AND ENFORCEMENT OF CLAIMS**

8.1  Pursuant to § 1123(b)(3) of the Bankruptcy Code, the Reorganized Debtor shall retain and may enforce any and all claims of the Debtor, except claims waived, relinquished and released in accordance with the Plan. Pre-petition claims against the debtor held by creditors who do not file acceptance of this Plan, if any, shall be preserved but may not be enforced unless and until there has been a default by the Reorganized Debtor of their obligations under the confirmed Plan and the affected creditor has given thirty (30) days' written notice thereof to the Reorganized Debtor.

///

## ARTICLE IX

9                  **EXECUTORY CONTRACTS**

9.1   The debtor has executory contracts with AMSI and Rental Networks and unexpired leases with Bret Beroni and Fadi Willieddine. Each of those contracts and unexpired leases are rejected. Any claim arising from said rejections shall be paid as a Class 12 general unsecured claim..

## ARTICLE X

10                  **REVESTING**

10.1   Except as provided for in the Plan or in the Order confirming the Plan, on the Effective Date the Reorganized Debtor shall be vested with all of the property of its estate free and clear of all claims, liens, charges and other interests of creditors arising prior to the filing date.

## ARTICLE XI

11                  **AMENDMENT**

Subject to the provision of Section 1127 of the Code, Debtor may propose amendments to or modifications of this Plan at any time prior to Confirmation of the Plan. After confirmation of the Plan, Debtor may with the approval of the Court, so long as it does not materially or adversely affect the interests of creditors or other parties in interest as set forth herein, remedy any defect or omission or reconcile any inconsistencies in this Plan or in the Order of Confirmation, in such a manner as may be necessary to carry out the purposes and intent of this Plan.

## ARTICLE XII

12                  **EVENTS OF DEFAULT**

12.1   The Debtor's failure or refusal to make or perform, when due, all or any part of the payments or obligations required to be made or performed by the Debtor pursuant to this Plan within ten(10) days after the date such payment or performance is due shall constitute an Event of Default under this Plan. Upon the occurrence of an Event of Default and the Debtor's failure

to cure the same within thirty (30) days from the date of receipt of written notice specifying the nature of said default and the specific action required to cure same, then the party entitled to such payment or performance shall be entitled to pursue its remedies without further order of the Court. Such written notice of default shall be sent to the Debtor and the Office of the United States Trustee by United States certified mail, return receipt requested, first class postage prepaid, to the following addresses or such other address as Debtor may from time to time advise the holder of an Allowed Claim:

Marc Voisenat, Esq.

1330 Broadway, Suite 1035

Oakland, CA 94612

Office of the United States Trustee

1301 Clay Street, Room 690N

Oakland, Ca. 94612

## ARTICLE XIII

13      **POST CONFIRMATION REPORTS AND U.S. TRUSTEE FEES**

Pursuant to Federal Rule of Bankruptcy Procedure 2015(a)(5), the Debtor shall file post-confirmation quarterly reports in the format prescribed by the United States Trustee, and continue to pay quarterly fees due to the United States Trustee under 28 U.S.C. §1930(a)(6), calculated on the basis of post-confirmation disbursements, until the entry of a final decree or an order converting or dismissing the case.

## ARTICLE XIV

14.      **RETENTION OF JURISDICTION**

14.1    Notwithstanding confirmation of this Plan, the Bankruptcy Court shall retain jurisdiction for the following purposes:

14.2    Determination of the allowability of claims and interests upon objection to such claims

by the Debtor, the reorganized Debtor, or by any other party in interest.

14.3    Determination of requests for payment of claims entitled to priority under §507(a) (1) of the Bankruptcy Code, including compensation of parties entitled thereto.

14.4    Resolution of controversies and disputes regarding the interpretation or enforcement of the terms of the Plan, any of the instruments issued under the Plan or any other documentation evidencing the terms of the Plan.

14.5    Implementation of the provisions of the Plan and entry of orders in aid of confirmation of the Plan, including, without limitation, appropriate orders to protect the reorganized Debtor.

14.6    To hear and determine causes of action by or against the Debtor arising prior to the commencement of or during the pendency of these proceedings.

14.7    To grant extensions of any deadline set herein.

14.8    Entry of a final decree closing the Debtor's case.

14.9    Entry of a discharge upon completion of the debtor's confirmed plan.

14.10   To enforce all discharge provisions under the Plan.

14.11   In addition and at any time the Court may make such orders to give such direction as may be appropriate under section 1142 of the Code.

**ARTICLE XV**

15.         **EFFECT OF CONFIRMATION**

15.1    An individual debtor does not receive a discharge until the plan is fully performed.

Dated: December 22, 2008

                                                /s/ Roger Joseph Prieto Jr.
                                                Roger Joseph Prieto Jr. – Debtor

Dated: December 22, 2008

                                                /s/ Marc Voisenat
                                                Marc Voisenat, Attorney for Debtor

## PROOF OF SERVICE

I am over the age of 18 and not a party to the within action; my business address is 1330 Broadway, Suite 1035, Oakland, California 94612

On December 22, 2008, I served the foregoing document described as: **THIRD AMENDED DISCLOSURE STATEMENT, THIRD AMENDED CHAPTER 11 PLAN; ORDER APPROVING THIRD AMENDED DISCLOSURE STATEMENT AND FIXING TIME FOR FILING ACCEPTANCES OR REJECTIONS OF PLAN, COMBINED WITH NOTICE THEREOF** on the interested parties by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the United States mail at Oakland addressed as follows:

Office of the U.S. Trustee
1301 Clay St., #690N
Oakland, CA 94612

I declare, under penalty of perjury, under the laws of the State of California that the foregoing is true and correct.

Executed on <u>December 22, 2008</u> at Oakland, California.

                                             /s/ Marc Voisenat
                                             Marc Voisenat, Attorney for
                                             Debtor-In-Possession